### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL WINSTON, ) | |
| ) | |
| Plaintiff, ) | 1:09-cv-252-SJM |
| ) | |
| v. ) | |
| ) | |
| MARSHALL, DENNEHEY, WARNER, ) | |
| COLEMAN, GOGGIN, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

Michael Winston is a *pro se* plaintiff prosecuting this and numerous other civil actions before this Court. In six of his pending cases, Plaintiff has filed a document styled as a "Petitioner for Writ of Mandamus" ostensibly directed to the United States Supreme Court in which the "question presented for review" is whether the undersigned should be "disqualified to maintain the integrety [sic] of the federal judicial system." In each of the six relevant cases, the Clerk of Court construed and docketed the petition as a motion to recuse. *See Winston v. Riel, et al.,* No. 1:09-cv-223-SJM (W.D. Pa.) (Doc. No. 9); *Winston v. Bauer, et al.*, No. 1:09-cv-224-SJM (W.D. Pa.) (Doc. No. 12); *Winston v. Morgan*, No. 1:09-cv-225-SJM (W.D. Pa.) (Doc. No. 17); *Winston v. Bradford Window Co.*, No. 1:09-cv-226-SJM (W.D. Pa.) (Doc. No. 3); *Winston v. Marshall, Dennehey, Warner, Coleman, Goggin*, No. 1:09-cv-252-SJM (W.D. Pa.) (Doc. No. 2); *Winston v. Friedline*, No. 1:09-cv-253-SJM (W.D. Pa.) (Doc. No. 2). Accordingly, I will likewise construe the document as a motion for recusal.

Such matters are governed by 28 U.S.C. §455(a), which provides that a presiding federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. §455(a). The test for recusal is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Intern. Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004). In making this determination, the court must consider

how the facts would appear to a "well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." *U.S. v. Jordan*, 49 F.3d 152, 156 (5th Cir.1995). *Accord Clemens v. United States District Court for the Central District of California*, 428 F.3d 1175, 1178 (9th Cir. 2005); *Matter of Mason*, 916 F.2d 384, 386 (7th Cir. 1990).

It is difficult to glean from the Plaintiff's motion the precise grounds on which his request for recusal is based, as the petition cites no specific reason why this Court's impartiality in the pending cases might reasonably be questioned. Instead, his petitioner (quoted almost in its entirety) states as follows:

> This Court should be concerned whether pro se Michael Winston and future pro se litigants, [sic] recieve [sic] fair and impartial treatment. At the risk of undermining the publics [sic] confidence in the judicial process. [sic] The welfare of the citizens must recieve [sic] priority over violations of: judicial misconduct, fraud, assault, neglegence [sic], abuse, moral turpitude.
>
> In this matter presented under review, justice requiers [sic] that the district courts [sic] judgements [sic] be vacated and the issues be placed before a new judge.
>
> This guiding consideration is that the administration of justice should reasonably appear to be disinterested, as well as be so infact [sic]: Supreme Court, ... Faretta -v-California.  Judge Sean McLaughlin,s [sic] conduct has cast a long shadow on the litigation before him.
>
> Furthermore, under the extraordinary circumstances created by Judge Sean McLaughlin, and this willfull neglegence [sic] and prejudical [sic] conduct by this United States District Court, Petitioner, [sic] respectfully prays for this United States Supreme Court give [sic] some kind of avenue for relief.  So that all above mentioned cases submitted before this District Court, [sic] can be fairly tried by a jury on its merits in front of an impartial judge.

(Pet. For Mandamus at pp. 1-2.)

Because no specific ground for recusal is stated, I must assume that Plaintiff's motion is premised upon his dissatisfaction with certain rulings rendered or judicial actions taken in connection with his many pending cases. However, such conduct on the part of the undersigned – to the extent it is the impetus for the instant recusal

motions – fails to serve as an adequate basis for recusal under § 445(a), as it concerns matters intrinsic to these judicial proceedings.  Generally, "beliefs or opinions which merit recusal must involve an extrajudicial factor." *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004) (internal quotation marks and citation omitted).

Absent the existence of such an extrajudicial factor, the record must evince a "deep-seated favoritism or antagonism [on the part of the judge] that would make fair judgment impossible." *Liteky v. United states*, 510 U.S. 540, 555 (1994).  Here, it should be noted that, in the course of these proceedings, the Plaintiff has exhibited an unusual degree of disrespect toward court personnel frequently rising to the level of verbal abuse.  In fact, on August 26, 2009 Plaintiff submitted a letter of apology which was docketed at his original civil action number.  *See Winston v. Bradford City Police Dept.*, No. 1:08-cv-334-SJM (W.D. Pa.( (Doc. No. 22).[1]  This letter is addressed by Plaintiff to "all the innocent victims of my abuse" and states that Plaintiff is "truly, truly sorry for the verbale [sic] abuse that I have directed at all of law enforcement government officials, and the United States District Court in Erie, and Pittsburgh, and all departments and employees thereof."  Notwithstanding the Plaintiff's abusive behavior, this record would not support a finding of the sort of deep-seated antagonism on my part as would make fair judgment impossible.

A motion to disqualify a federal district judge is committed to the sound discretion of the district judge.  *Sensley v. Albritton*, 385 F.3d 591, 598 (5th Cir. 2004) (citation omitted).  It should be noted that, where issues of recusal arise, "a federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified." *Laird v. Tatum*, 409 U.S. 824, 837 (1972) (Per Mr. Justice Rehnquist, on motion to recuse).  *See also Clemens*, 428 F.3d at 1179; *Sensley*, 385 F.3d at 598-99; *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995).  Here, the record could not support a

---

[1] That action has since been voluntarily dismissed by the Plaintiff.

finding of any extrajudicial factor causing impartiality or such a high degree of favoritism or antagonism on my part as to make fair judgment in future proceedings impossible.

Accordingly, the following order is entered:

AND NOW, *to wit*, this 29th day of October, 2009, based upon the foregoing reasons,

IT IS ORDERED that Plaintiff's motion for recusal be, and hereby is, DENIED.


                                           s/     Sean J. McLaughlin
                                                  SEAN J. McLAUGHLIN
                                                  United States District Judge

cm:    All parties of record.