**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL WINSTON, ) | |
| ) | |
| Plaintiff ) | |
| ) | No. 1:09-cv-252-SJM |
| v. ) | |
| ) | |
| MARSHALL, DENNEHEY, WARNER, ) | |
| COLEMAN, GOGGIN, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM ORDER**

Plaintiff Michael Winston has filed this *pro se* civil action against the law firm of Marshall, Dennehey, Warner, Coleman & Goggin, which has served as defense counsel in various related civil actions filed in this Court by the Plaintiff.  Plaintiff has also filed, contemporaneously with his complaint, a motion for leave to proceed *in forma pauperis*.

Plaintiff's sole allegation of wrongdoing against the Defendant is his claim that "Defendant did file false records with the US [sic] Court without notifying Plaintiff[,] stating that Plaintiff was served." (Complaint [1-2] at ¶ 4.)  For this, he demands punitive damages in the amount of six million dollars ($6,000,000.00).  (*Id*. at ¶ 6.)  As "evidence," Plaintiff cites "first class mail, (by weight)." (*Id*, at ¶ 5.)  As a basis for federal jurisdiction, Plaintiff avers "[t]his Court has jurisdiction:  fraud, false court records[,] filed US [sic] District Court (Erie)." (*Id*. at ¶ 3.)

Although Plaintiff's complaint is extremely abbreviated and vague, it appears that Plaintiff is complaining about the Defendant's alleged failure, through one of its attorneys, to serve upon him a motion to dismiss that was filed in one of Plaintiff's related cases, *Michael Winston v. William F. Morgan et al.,* No. 1:09-cv-225-SJM (W.D.

Pa.) (Doc. No. 12).[1]  Plaintiff also appears to take issue with the merits of that motion. At present, no ruling has been made on the motion to dismiss, as the Court is awaiting the Plaintiff's response to the motion, which is due on November 9, 2009.

In the meantime, this Court is required to review the instant complaint in accordance with the provisions of 28 U.S.C. § 1915, which establishes the criteria for allowing an action to proceed *in forma pauperis*.  Of particular importance is § 1915(e)(2)(B), which requires  federal district courts to dismiss any case, even on their own motion, if the court determines that the action is, among other things, frivolous, malicious. or lacking any viable claim for relief.[2]  Although courts are generally

---

[1] This Court is able to surmise the basis of the Plaintiff's present complaint by taking judicial notice of the various other judicial proceedings which Plaintiff has commenced in this Court and by considering certain of Plaintiff's complaints in connection with these proceedings.  *See, e.g., Michael Winston v. United States*, 1:09-cv-254-SJM (W.D. Pa.) (Doc. 1-2).

[2] Section 1915(e) states, in pertinent part:

>   **(2)**   Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that —
> 
> ***
> 
>   **(B)** the action or appeal –
>     **(i)** is frivolous or malicious;
>     **(ii)** fails to state a claim on which relief may be granted; or
>     **(iii)** seeks monetary relief against a defendant who is immune
>   from such relief.

28 U.S.C. § 1915(e)(2)(B).
    Although much of 28 U.S.C. § 1915 deals with prisoners, as Congress made significant amendments to the statute in the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), it is widely recognized that § 1915(e)(2) applies to both prisoner and nonprisoner cases alike.  *See, e.g., Jayne v. Pike County Correctional Facility*, Civil No. 3:CV-07-1113, 2007 WL 2972579 at *1 n.1 (M.D. Pa. Oct. 10, 2007) (citing cases), *aff'd in part and rev'd in non-relevant part*, No. 07-4269, 2009 WL 3022136 (3d Cir. Sept. 23, 2009) (slip. op.); *Weimer v. Vanorsdale*, No. 07cv0671, 2007 WL 1653623 at *1 n.1 (W.D. Pa. June 5, 2007) (citing cases).

required to permit the plaintiff an opportunity to file a curative amendment before dismissing the complaint, dismissal without leave to amend is justified when, *e.g.,* amendment would be futile. *See Alston v. Parker*, 363 F.3d 229, 235-36 (3d Cir. 2004).

Here, Plaintiff's only statement in support of federal subject matter jurisdiction is his assertion that this case involves fraud and "false court records" filed in this Court. Even construing this allegation liberally, it does not establish any basis for this Court's exercise of federal subject matter jurisdiction. Plaintiff's assertions do not give rise to an independent cause of action which could support federal question jurisdiction under 28 U.S.C. § 1331 and, according to his own allegations, the parties here are not diverse for purposes of 28 U.S.C. § 1332. Nor can the Court discern, based on the Plaintiff's averments, any other basis for exercising subject matter jurisdiction under Chapter 85 of Title 28 of the United States Code. *See generally* 28 U.S.C. §§1330 *et seq.*

In fairness, Plaintiff's complaint is more in the nature of a motion for sanctions based on the alleged bad faith of opposing counsel in a separate legal matter who is alleged to have purposefully violated Rule 5 of the Federal Rules of Civil Procedure, governing the service and filing of pleadings and other papers. *See* Fed. R. Civ. P. 5(a)(1)(D). Accordingly, this Court will dismiss the instant civil action as legally frivolous and will direct the Clerk of Court to re-docket the complaint as a motion for sanctions at Civil Action No. 1:09-cv-225-SJM.

AND NOW, *to wit*, this 5th day of November, 2009, based upon the foregoing considerations, and pursuant to the statutory directive set forth at 28 U.S.C. § 1915(e)(2)(B),

IT IS ORDERED that the within civil action be, and hereby is, DISMISSED as frivolous for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that the Clerk of Court re-docket the complaint in this matter as a motion for sanctions at *Winston v. Morgan,* Civil Action No. 1:09-cv-225-SJM.

                                                    s/     Sean J. McLaughlin
                                                              SEAN J. McLAUGHLIN
                                                              United States District Judge

cm:    All parties of record.